**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 19, 2017.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

**NO. 14-17-00746-CR**
**NO. 14-17-00747-CR**

**IN RE DONALD RAY LUSS, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 579966 & 579967**

## MEMORANDUM OPINION

On September 25, 2017, relator Donald Ray Luss filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 232nd District Court of Harris County to rule on this motion for DNA testing.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law for obtaining the relief he seeks; and (2) what he seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his motion requesting such relief from the trial court. *See Henry*, 525 S.W.3d at 382. In the absence of a file-stamped copy of relator's motion for DNA testing, relator has not established that the motion is actually pending in the trial court.

Moreover, even if relator had established that his motion is properly pending, he has not demonstrated that his motion was properly presented to the trial court. The trial court is not required to consider a motion that has not been called to its attention by proper means. *Id.*

Relator further claims that the trial court has a ministerial duty to order DNA testing of the State's biological evidence. To the extent relator requests that we compel the trial court to grant his motion for DNA testing, we cannot tell the trial

2

court how to rule on the motion.  *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Relator has not shown that he is entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).