**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 12, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00940-CR

### IN RE RAMON TORRES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1541830**

## MEMORANDUM OPINION

On December 4, 2017, relator Ramon Torres filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, to enter a dismissal of the indictment against him for aggravated sexual assault.

Relator states that the trial court has failed to act on his request to dismiss his indictment. To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* The trial court appointed an attorney to represent relator in the underlying proceeding. A criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 222 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Therefore, relator has not shown that the trial court has legal duty to rule on his motion. Moreover, in the absence of a right to hybrid representation, relator has presented nothing for this court's consideration.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).