**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 12, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00913-CR

---

### IN RE LEXTER KENNON KOSSIE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0546166**

---

## MEMORANDUM OPINION

On November 20, 2017, relator Lexter Kennon Kossie filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the

Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, to rule on his application for writ of habeas corpus.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his application for writ of habeas corpus. *See Henry*, 525 S.W.3d at 382. In the absence of a file-stamped copy of relator's application for writ of habeas corpus, relator has not established that the motion is actually pending in the trial court.

Even if relator had established that his application for writ of habeas corpus is properly pending, he has not demonstrated that his application was properly presented to the trial court. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225,

228 (Tex. App.—El Paso 2001, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Busby and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).