**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 6, 2018.**

**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00153-CR

### IN RE RAYMOND MARK GONZALES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-DCR-068702A**

## MEMORANDUM OPINION

On February 27, 2018, relator Raymond Mark Gonzales filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brady G. Elliott, presiding judge of the 268th District Court of Fort Bend County, to rule on relator's motion to obtain the reporter's record on a loaner basis.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell,*

516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his motion. *See Henry*, 525 S.W.3d at 382. In the absence of a file-stamped copy of relator's motion, relator has not established that the motion is actually pending in the trial court.

Even if relator had established that his motion is properly pending, he has not demonstrated that his motion was properly presented to the trial court. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).