**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 12, 2018.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-18-00424-CR

### IN RE R. B. DEBLANC, III, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. 11776**

---

## MEMORANDUM OPINION

On May 21, 2018, relator R. B. DeBlanc, III filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the

presiding judge of the 344th District Court of Chambers County to rule on relator's pending motions.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Relator previously filed a petition for writ of mandamus, requesting the same relief. *See In re DeBlanc*, No. 14-18-00317-CR, 2018 WL 2012333, at *1 (Tex. App.—Houston [14th Dist.] May 1, 2018, orig. proceeding) (mem. op.) (not designated for publication). We denied relator's petition because relator had not shown that his motions were actually pending in the trial or that his motions were properly presented to the trial court. *Id.*

Attached to relator's current petition are the following: (1) copy of a motion for speedy trial and request for dismissal of an indictment bearing a file stamp dated

2

January 11, 2018; (2) a copy of a motion for speedy trial bearing a file stamp dated July 18, 2017; (3) a copy of a motion for bench warrant bearing a file stamp dated July 18, 2017. Relator has shown that his motions are pending in the trial court.

Relator asserts that his motions have been presented to the trial court because the district clerk is required to present all motions. Relator cites no authority in support of his position. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). Because relator has not demonstrated that his motions have been brought to the attention of the trial court by proper means, the trial court is not required to consider the motions. *See Henry*, 525 S.W.3d at 382.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).