**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 19, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00458-CR

---

## IN RE DANNY R. ALEJANDRO, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1003546**

---

## MEMORANDUM OPINION

On June 4, 2018, relator Danny R. Alejandro filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator complains that the presiding judge of the 339th District Court of Harris County has not responded to his motion to obtain documents. Relator, who appealed his 2005 conviction for unlawful possession of a firearm, claims the documents were withheld from the record

provided to him to assist in the preparation of a response to an *Anders*[1] brief filed by relator's appellate counsel in that appeal.[2]

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his motion, which he claims was filed on January 10, 2018. *See Henry*, 525 S.W.3d at 382. In the absence of a file-

---

[1] *See Anders v. Cal.*, 386 U.S. 738, 744–45 (1967).

[2] Relator incorrectly states that the trial court cause number, in which he was simultaneously convicted for burglary of a habitation, is 1003546. Relator was convicted of unlawful possession of a firearm in cause number 1003546. Relator's appellate counsel filed an *Anders* brief in relator's appeal from the conviction for unlawful possession of a firearm in appellate cause number 14-05-00904-CV, and this court affirmed that conviction. *See Alejandro v. State*, No. 14-05-00904-CV, 2006 WL 3743073, at *1 (Tex. App.—Houston [14th Dist.] Aug. 22, 2006, pet. ref'd) (mem. op.) (not designated for publication).

stamped copy of relator's motion, relator has not established that the motion is actually pending in the trial court.[3]

Moreover, even if relator had established that his motion is properly pending, he has not demonstrated that his motion was properly presented to the trial court for a ruling. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] Relator did not file any copy of the motion he purportedly filed in the trial court on January 10, 2018.