**Petition for Writ of Mandamus Dismissed in Part and Denied in Part and Memorandum Opinion filed January 15, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01038-CR

## IN RE CECIL MAX-GEORGE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1475788**

---

## M E M O R A N D U M   O P I N I O N

On December 3, 2018, relator Cecil Max-George filed a petition for writ of mandamus, complaining of the Honorable Susan Brown, former presiding judge of the 185th District Court of Harris County.[1] *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.

---

[1] The Honorable Jason Luong became the presiding judge of the 185th District Court on January 1, 2019.

**Dismissal of Petition Regarding Motion for Disqualification**

In the petition, relator complains that the trial court failed to forward a motion to disqualify the respondent judge "to an appropriate judge for a hearing." *See* Tex. R. Civ. P. 18a(f) (requiring the trial judge to either sign and file with the clerk an order of recusal or disqualification or sign and file with the clerk an order referring the motion to the regional presiding judge). Because respondent is no longer the presiding judge of the 185th District Court, relator's request that we compel the respondent to forward the motion to disqualify to the regional presiding judge is moot. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a judicial controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome.").

**Denial of Petition Regarding Request for Hearing**

Relator also complains that the trial court failed to hold a hearing on his motion to review the trial record for the preparation of an application for a writ of habeas corpus. In his motion to review, relator requested "an instantaneous setting for the hearing on said motion or the next day of court[.]"

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re*

*Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that relator is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. The copy of the motion to review the trial record attached to relator's petition, which included a request for a hearing on the motion, is not file-stamped. Therefore, relator has not shown that his motion to review and request for a hearing are pending in the trial court.

Moreover, assuming relator had established that his motion was filed, he has not demonstrated that his motion and request for a hearing were properly presented to the trial court for a ruling. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). Thus, relator has not shown that he requested the trial court to rule on his motion to review or his request for a hearing. The trial court is not required to consider a motion that has not been called to its attention by proper means. *Henry*, 525 S.W.3d at 382. Relator has not shown that he entitled to mandamus relief.

## Conclusion

We dismiss as moot the petition for mandamus as to relator's request that we compel the respondent to forward relator's motion for disqualification to the regional presiding judge and we deny relator's petition for writ of mandamus as to relator's

request that we compel the trial court to hold a hearing on relator's motion to review the trial record. We also dismiss as moot relator's motion for leave to file a petition for writ of mandamus because such motion is not required under the Texas Rules of Appellate Procedure. *See In re Stroman*, No. 14-16-00662-CV, 2016 WL 5110644, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2016, orig. proceeding [mand. denied]) (mem. op.).


PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).