**Petition for Writ of Mandamus Denied and Corrected Memorandum Opinion filed June 27, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00474-CR**

---

**IN RE ALEXI HINOJOSA MATOS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1356238**

---

## MEMORANDUM OPINION

We withdraw our opinion of June 25, 2019, and issue this corrected opinion.

On June 13, 2019, relator Alexi Hinojosa Matos filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Frank

Aguilar, presiding judge of the 228th District Court of Harris County, to rule on a motion for a judgment nunc pro tunc he claims to have filed with the trial court on August 27, 2018.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding) (per curiam).[1] To be entitled to such relief, "[a] relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*.

---

[1] Even after a trial court's plenary power has expired, a trial court has authority and a duty to rule on a properly filed motion for judgment nunc pro tunc motion seeking jail time credit as provided for by Article 42.03 of the Texas Code of Criminal Procedure. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

The record must show that the motion was filed and brought to the attention of the judge for a ruling, and the judge has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster,* 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Flanigan*, No. 14-18-01116-CR, __S.W.3d __, 2019 WL 2062801, at *1 (Tex. App.—Houston [14th Dist.] May 9, 2019, orig. proceeding). "To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed and is pending before the trial court." *Id*. Moreover, "merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). *See also In re Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must provide a record which shows that the judge was aware of and asked to rule on the motion because a judge cannot be faulted for doing nothing when the judge was not aware of the need to act; the clerk's knowledge is not imputed to the judge). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

Relator has attached to his petition: (1) a document entitled "Motion Nunc Pro Tunc", (2) a letter dated January 7, 2019 addressed to Chris Daniel, District Clerk, stating that the Motion is enclosed and asking that it be filed and brought to the

3

attention of the court, and (3) a return receipt indicating some item was mailed and delivered to the District Clerk on January 22, 2019.

This record is not sufficient to establish that relator is entitled to mandamus relief. The attached Motion is not file stamped and the return receipt does not identify the document that was mailed. Even assuming the Motion has been filed with the court, the record does not show that the Motion has been brought to the attention of Judge Aguilar for a ruling and that he is aware of it. Nothing in the record indicates that the Motion has been set for hearing or submitted to Judge Aguilar for a ruling. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM


Panel consists of Justices Wise, Jewell, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).