**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 16, 2019.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-19-00537-CR

### IN RE WILLIAM SOLOMON LEWIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1219699**

### MEMORANDUM OPINION

On July 9, 2019, relator William Solomon Lewis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Abigail

Anastasio, presiding judge of the 184th District Court of Harris County, to rule on relator's motion to compel the district clerk to release relator's passport.[1]

To be entitled to mandamus relief, relator must show that (1) relator has no adequate remedy at law for obtaining the relief the relator seeks and (2) what relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Relator must establish that the trial court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that relator is entitled to relief. *See id.*; *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Relator has failed to do so. The copy of the motion to compel the district clerk to release relator's passport, attached to relator's petition, is not file-stamped. Therefore, relator has not shown that his motion is pending in the trial court.

Moreover, assuming relator had established that his motion was filed, he has not demonstrated that his motion was properly presented to the trial court for a ruling. Filing a document with the district clerk does not impute the clerk's

---

[1] Because we deny the petition based on an insufficient record, we express no opinion on the procedural merits of the underlying matter in controversy.

2

knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding). Thus, presuming the motion is pending, relator has not shown that he requested the trial court to rule on the motion, and the trial court is not required to consider a motion that has not been called to its attention by proper means. *See Henry*, 525 S.W.3d at 382.

Relator has not shown that he entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Spain and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).