**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 13, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00527-CR

### IN RE DARIUS LEMON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1247995**

## MEMORANDUM OPINION

On July 27, 2020, relator Darius Lemon filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Lori Chambers Gray, presiding judge of the 262nd District Court of Harris County, to rule on relator's motions for DNA testing.

To be entitled to mandamus relief, a relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). To be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id.*; *Henry*, 525 S.W.3d at 382. To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator states in the petition that he filed motions for DNA testing and/or motions for the appointment of counsel on March 20, 2019, April 29, 2019, June 25, 2019, July 8, 2019, and December 2, 2019. Relator also states that he filed a letter

2

requesting information on his motions for DNA testing on June 13, 2019. Relator did not include any copies of his motion in his mandamus record. Relator submitted copies of pages from the trial court's docket sheet. Relator has underlined the following four entries from the docket sheet reflecting that (1) a request for the appointment of counsel was filed on April 4, 2019; (2) unspecified correspondence from relator was filed on June 24, 2019; (3) a motion for forensic DNA testing was filed on December 2, 2019; and (4) a letter was filed, without specifying who filed it, on December 2, 2019.

Relator has not attached any file-stamped copies of his motions or any other proof establishing that his motions are, in fact, pending in the trial court. The docket sheet reflects that a motion for DNA testing was filed on December 2, 2019. However, even if relator had demonstrated that his December 2, 2019 motion was properly pending, he has not shown that this motion, or any of his other motions, were brought to the attention of the respondent-judge for a ruling because the clerk's knowledge is not imputed to the trial court. *See Ramos*, 598 S.W.3d 472, 473. The respondent-judge is not required to consider a motion that has not been called to her attention by proper means. *See Henry*, 525 S.W.3d at 382. Nor has relator shown that the respondent-judge has not ruled on his motions within a reasonable time after the motion was submitted to the court for a ruling or after relator requested a ruling. *See Gomez*, 602 S.W.3d at 74.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

3

PER CURIAM

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

4