

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: | § | No. 08-20-00080-CR |
| | § | |
| CARLOS MUNOZ, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | § | |
| | § | |

### <u>MEMORANDUM OPINION</u>

Carlos Munoz, *pro se*, filed a writ of mandamus action directing the Honorable Mike Swanson, Judge of the 143rd District Court of Ward County, Texas, to rule on Munoz's request for credit of time served on his sentence. The petition is denied.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011)(orig. proceeding). The burden is on the relator to show he is entitled to mandamus relief. *In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *See In re Henry*, 525

S.W.3d 381, 382 (Tex.App.—Houston [14th Dist.] 2017, orig. proceeding). To obtain mandamus relief on delay grounds, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*. A trial court is not required to consider a motion that has not been called to its attention by proper means. *Id*.

This case is similar to the case *In re Flores*, in which the Court held that a *pro se* relator that does not attach evidence to his mandamus application showing he filed the motion and that the trial court failed to rule cannot establish entitlement to mandamus. *In re Flores*, No. 08-20-00017-CR, 2020 WL 913842, at *1 (Tex.App.—El Paso Feb. 26, 2020, orig. proceeding); *see also In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1 (Tex.App.—El Paso Nov. 22, 2019, orig. proceeding)(cited in *Flores* for the same proposition). Here, Munoz did not attach evidence showing he filed the motion in question or that he brought the motion to the trial court's attention. Because this mandamus application is substantially similar to the application in *In re Flores*, denial here is proper.

The petition for writ of mandamus is denied.


August 19, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

2