**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed February 25, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-20-00735-CR**

---

**IN RE MANUEL PENA, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1457098**

---

## MAJORITY OPINION

On October 30, 2020, relator Manuel Pena filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Abigail Anastasio, presiding judge of the 184th District Court of Harris County, to forward

all records in relator's jury trial to relator for the purpose of preparing an application for writ of habeas corpus.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). Indigent defendants do not have the right to a free record for collateral attacks on their convictions. *In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014) (orig. proceeding). A trial court has the discretion to deny a request for a free record for use in preparing a post-conviction writ application. *In re Alvarez*, 582 S.W.3d 553, 555 (Tex. App.—Waco 2019, orig. proceeding).

Because the trial court has the discretion to deny relator's request for a free record for use in a potential post-conviction application for writ of habeas corpus, relator has failed to show that his request for relief involves a ministerial act rather than a discretionary action.

Moreover, as the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Relator has not met his burden. Relator has not included a sworn or certified copy of the subject order or a sworn or certified copy of every document that is material to relator's claim for relief and was filed in the proceeding in the trial court. *See* Tex. R. App. P. 52.3(k)(1)(a); 52.7(1).

2

Relator has not established that he entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

/s/    Kevin Jewell
        Justice

Panel consists of Justices Jewell, Bourilot, and Wilson. (Bourliot, J., dissenting). Publish — Tex. R. App. P. 47.2(b).