**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 1, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00054-CR

---

## IN RE LINZALE GREER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09CR3730**

---

## MEMORANDUM OPINION

On January 22, 2021, relator Linzale Greer filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable John Ellisor, presiding judge of the 122nd District Court of Galveston County, to rule on relator's motion to obtain a copy of the trial transcript.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.*

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In a criminal mandamus proceeding, a relator must provide the appellate court with either a file stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Flanigan*, 578 S.W.3d 634, 626 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *Henry*, 525 S.W.3d at 382. The copy of relator's motion does not bear a file stamp establishing that it is in fact pending in the trial court.

Even if relator had shown that his motion is properly pending, he has not demonstrated that the motion was brought to the attention of the trial court or how long the motion has been pending since presentment. Filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a

2

ruling because the clerk's knowledge is not imputed to the trial court. *Ramos*, 598 S.W.3 at 473. The trial court is not required to consider a motion that has not been called to its attention by proper means. *Henry*, 525 S.W.3d at 382.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Hassan, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).