**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 21, 2021.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-21-00500-CR**

**NO. 14-21-00501-CR**

---

**IN RE BRANDON RAY MORGAN, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1419351 & 1354996**

---

## MEMORANDUM OPINION

On September 3, 2021, relator Brandon Ray Morgan filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ramona Franklin, presiding judge of the 338th District Court of Harris County, to rule on his pending motions.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.*

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In a criminal mandamus proceeding, a relator must provide the appellate court with either a file stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Flanigan*, 578 S.W.3d 634, 626 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *Henry*, 525 S.W.3d at 382. Relator has not provided any copies of motions on which he seeks to compel the trial court to rule, file-stamped or otherwise. Therefore, relator has not demonstrated that his motions are in fact pending in the trial court.

Even if relator showed that his application is properly pending in the trial court and the trial court was made aware of it, relator has not shown that it has been pending for an unreasonable period of time. Relator attaches copies of a document

sent to the trial court on August 16, 2021, and the petition in this court is dated August 31, 2021. We cannot say that unreasonable period of time had lapsed under the circumstances. *In re Z.Q.*, No. 14-21-00044-CV, 2021 WL 786858, at*2 (Tex. App.—Houston [14th Dist.] Mar. 2, 2021, orig. proceeding) (mem. op.).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).