**IN RE Thelonious Paul HENRY, Relator**

**NO. 14–17–00250–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed April 21, 2017

Thelonious Paul Henry, Navasota, TX, for Relator.

Panel consists of Justices Chief Justice Frost and Justices Donovan and Wise.

## CORRECTED OPINION

### PER CURIAM

On April 4, 2017, relator Thelonious Paul Henry filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to rule on relator's motion to reduce sentence.

To be entitled to mandamus relief, a relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.– Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.–Amarillo 2001, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.– Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.– San Antonio 2003, orig. proceeding).

Relator states that he filed his motion to reduce his sentence on November 16, 2016, and filed a "Motion to Compel" on March 20, 2017. Relator argues his motion to compel a ruling from the trial court has been pending for more than ten days. Relator, however, has not met his burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The documents attached to relator's petition for writ of mandamus do not reflect a file stamp establishing that they were filed in the trial court. *See* Tex. R. App. P. 52.3(k). Relator also has not shown that his motion has been presented to the trial court nor has he shown how long the motion has been pending since presentment. The trial court is not required to consider a motion that has not been called to its attention by proper means. *See In re J.B.H.*, No. 14-15-00114-CV, 2015 WL 732665 (Tex. App.– Houston [14th Dist.] Feb. 19, 2015, orig. proceeding) (mem. op.); *In re Layton*, 257 S.W.3d at 795.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.