**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 19, 2017.**

In The

# Fourteenth Court of Appeals

### NO. 14-17-00788-CR

### IN RE THELONIOUS PAUL HENRY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1054112**

## MEMORANDUM OPINION

On October 5, 2017, relator Thelonious Paul Henry filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to rule on relator's motion to reduce sentence.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law for obtaining the relief he seeks; and (2) what he seeks to compel involves

a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his motion requesting such relief from the trial court. *See Henry*, 525 S.W.3d at 382. In the absence of a file-stamped copy of relator's motion to reduce sentence, relator has not established that the motion is actually pending in the trial court.

Moreover, even if relator had established that his motion is properly pending, he has not demonstrated that his motion was properly presented to the trial court. The trial court is not required to consider a motion that has not been called to its attention by proper means. *Id.*

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).