**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 26, 2018.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-18-00490-CR**
**NO. 14-18-00491-CR**

---

**IN RE DECARLOS GARRETT, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 870048 & 886344**

## MEMORANDUM OPINION

On June 15, 2018, relator DeCarlos Garrett filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the

presiding judge of the 338th District Court of Harris County, to rule on his motion for post-conviction DNA testing that he filed in 2003.[1]

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his motion for post-conviction DNA testing, which he asserts was filed in 2003. *See Henry*, 525 S.W.3d at 382. In the absence of a file-stamped copy of relator's motion for post-conviction DNA

---

[1] Relator was convicted of aggravated robbery in two separate jury trials in 2002, resulting in sentences of forty-five years' incarceration and ninety-nine years' incarceration. Relator's convictions were affirmed on appeal. *See Garrett v. State*, No. 01-02-00321-CR, 2003 WL 21100761 (Tex. App.—Houston [1st Dist.] May 15, 2003, no pet.) (mem. op., not designated for publication); *Garrett v. State*, No. 01-02-00320-CR, 2003 WL 203556 (Tex. App.—Houston [1st Dist.] Jan. 30, 2003, no pet.) (mem. op., not designated for publication).

testing, relator has not established that the motion is actually pending in the trial court.[2]

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] This is the third petition for writ of mandamus relator has filed alleging that the trial court failed to rule on relator's motion for post-conviction for DNA testing. *See In re Garrett*, Nos. 14-16-00238-CR & 14-16-00239-CR, 2016 WL 1443877 (Tex. App.—Houston [14th Dist.] Apr. 12, 2016, orig. proceeding) (mem. op., not designated for publication); *In re Garrett*, Nos. 14-14-006669-CR & 14-14-00670-CR, 2014 WL 4207148 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, orig. proceeding) (mem. op., not designated for publication). In both of the prior cases, we denied relator's request for relief because he had not shown that his 2003 motion for post-conviction DNA testing was actually pending in the trial court. *See Garrett*, 2016 WL 1443877, at *2; *Garrett*, 2014 WL 4207148, at *1.