**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 16, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00855-CR

---

### IN RE VANCE L. WHITE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1436467-A**

---

## MEMORANDUM OPINION

On October 2, 2018, relator Vance L. White filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, to rule on his motion for DNA testing.

Relator entered a guilty plea to aggravated assault. Pursuant to a plea bargain agreement the trial court assessed punishment on November 10, 2015, at confinement for twelve years in the Institutional Division of the Texas Department of Criminal Justice. According to relator's petition for writ of mandamus, he filed a motion for DNA testing in the trial court on January 31, 2018. Relator asks this court to compel the trial court to rule on his motion.

With certain exceptions not applicable to this case, to be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*. It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of his motion, which he claims was filed on January 31, 2018.[1] *See Henry*, 525 S.W.3d at 382. In the absence of a file-

---

[1] Relator did not file any copy of the motion he purportedly filed in the trial court on January 31, 2018.

stamped copy of relator's motion, relator has not established that the motion is pending in the trial court.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Chief Justice Frost and Justices Boyce and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).