**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 9, 2020.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-01008-CR**

---

**IN RE DAMON KENDRICK DOVE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061181-A**

---

## MEMORANDUM OPINION

On December 23, 2019, relator Damon Kendrick Dove filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator claims that he filed a motion for DNA testing in May 2019. Chapter 64 of the Texas Code of Criminal Procedure provides that the

convicting court shall (1) provide a copy of the motion for DNA testing to the attorney for the State; and (2) require the attorney representing the State, not later than the 60th day after the date the motion is served on the attorney representing the State, to either deliver the evidence to the trial court with a description of the evidence or explain why the State cannot deliver the evidence to the court. Tex. Code Crim. Proc. Ann. art. 64.02(a)(1), (2). The convicting court may proceed on the motion for DNA testing after the response period has expired regardless of whether the attorney representing the State has submitted a response. *Id.* art. 64.02(b).

Relator does not complain that his motion for DNA testing has not been served on the attorney representing the State. Instead, relator asks this court to compel the Honorable O'Neil Williams, presiding judge of the 268th District Court of Fort Bend County, to compel the attorney representing the State to respond to the motion for DNA testing by taking one of the above-required actions. *See id.* art. 64.02(a)(2). Alternatively, relator requests that we compel the trial court to rule on his motion for DNA testing because the time for the attorney representing the State to respond to the motion has expired. *See id.* art. 64.02(b).

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig.

2

proceeding). Relator has failed to do so. Relator has not provided this court with a file-stamped copy of the motion for DNA testing. In the absence of a file-stamped copy of relator's motion, relator has not established that his motion was filed and is pending in the court. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Therefore, in the absence of proof that relator's motion for DNA testing is pending in the trial court, relator cannot show that (1) the trial court has served the motion on the attorney representing the State, thereby triggering the requirement that the attorney representing the State either deliver the evidence to the court or explain in writing why the State cannot deliver the evidence to the court; or (2) the trial court can rule on the motion for DNA testing because the 60-day period after service on the attorney for the State has expired.

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).