**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 30, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00039-CR

### IN RE ANTHONY WHITNEY NORMAN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1248767**

---

## MEMORANDUM OPINION

On January 17, 2020, relator Anthony Whitney Norman filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks court to compel the Honorable Lori Chambers Gray, presiding judge of the 262nd District Court of Harris County, to rule on his motion to set aside the judgment of conviction because the judge, who presided over his trial in 2011, Judge Denise Bradley, purportedly was

constitutionally disqualified to preside over relator's case, thereby rendering his conviction void.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief. *Id.* Relator has failed to do so. Rules 52.3 and 52.7 require a relator to provide a "certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed any underlying proceeding. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1). The only document relator submitted with his petition is a copy of his motion to set aside, which is neither sworn nor certified. Relator has not provided any other documents related to his claim for relief.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).