**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00213-CR

---

## IN RE CHAD ERIC LANE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 931326**

---

## MEMORANDUM OPINION

On March 16, 2020, relator Chad Eric Lane filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Danilo Lacayo, presiding judge of the 182nd District Court of Harris County, to rule on his motion for appointment counsel in connection with his application for a writ of habeas corpus.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief. *Id.* Relator has failed to do so. Relator has not attached a file-stamped copy of the motion. In the absence of a file-stamped copy of the motion, relator has not established that his motion is actually pending in the trial court.

It is a relator's burden to provide a sufficient record to establish that relator is entitled to relief. *Id.* Relator has failed to do so. Relator has not provided this court with a file-stamped copy of the motion for appointment of counsel. In the absence of a file-stamped copy of relator's motion, relator has not established that his motion was filed and is pending in the court. *Id.*

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).