**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 27, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00477-CR

### IN RE DAMON KENDRICK DOVE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061181A**

## MEMORANDUM OPINION

On July 6, 2020, relator Damon Kendrick Dove filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 268th District Court of Fort Bend County, to rule on relator's motion for DNA testing.

A jury found relator guilty of sexual assault and assessed punishment at 35 years' imprisonment, this court affirmed relator's conviction on appeal, and the Texas Court of Criminal Appeals refused discretionary review. *See Dove v. State*, No. 14-13-00686, 2014 WL 6602421, at *3, 6 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication). In affirming relator's conviction, we observed that because relator admitted to having sex with the complainant on the night of the offense, the issue before the court was whether the evidence supported the jury's finding that the complainant did not consent. *Id.* at *3.

Relator subsequently filed two motions for DNA testing in the trial court. The trial court denied the first motion on April 22, 2016, and the second motion on September 15, 2017. Relator appealed the denial of his second motion for DNA testing. *See Dove v. State*, No. 14-17-00722-CR, 2018 WL 3763182, at *1 (Tex. App.—Houston [14th Dist.] Aug. 9, 2018, pet. ref'd) (mem. op., not designated for publication). We noted that relator did not establish that identity was an issue and DNA would not prove or disprove whether the sex was consensual and affirmed the trial court's order. *Id.* at *3.

Relator filed another motion for DNA testing in the trial court on May 14, 2019. The trial court has not taken any action on that motion.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before

2

it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.*

The trial court denied relator's two previous motions for DNA testing, both of which sought the same relief. Because there has been a full adjudication of two previous motions for DNA testing, the trial court is not required to rule on relator's current motion. *See in re Durden*, No. 14-12-00143-CR, 2012 WL 590815, at *2 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) (mem. op., not designated for publication) ("[N]o ruling is required in response to a subsequent filing of a motion for DNA testing if there has already been a full adjudication in connection with a prior motion for DNA testing, absent exceptional circumstances."); *see also In re Cloud*, Nos. 05-15-00223-CV & 05-15-00224-CV, 2015 WL 1021127, at *1 (Tex. App.—Dallas, Mar. 6, 2015, orig. proceeding) (mem. op.) (holding trial court was not required to consider successive motions for DNA testing after court had affirmed denial of motions three times); *In re Flores*, No. 05-15-00634-CV, 2015 WL 3492317, *1 (Tex. App.—Dallas, June 3, 15, 2013, orig. proceeding) (mem. op.) ("The trial court was not required, however, to rule on this second motion when it had previously concluded that no biological material exists to be tested" because absent "exceptional circumstances" a "trial court has no ministerial duty to rule repeatedly on substantively identical motions seeking the same relief."); *In re Sims*, No. 05-13-00049-CV, 2013 WL 1273912, at *1 (Tex. App.—Dallas, Mar. 15, 2013, orig. proceeding) (mem. op.) (holding that relator was

not entitled to a ruling on motion for DNA testing where trial court had previously ruled on same motion for DNA testing).[1]

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. We also dismiss as moot relator's motion for leave to file his petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jewell, Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Relator also sought post-conviction relief through an application for writ of habeas corpus. The trial court denied relator's application and, in its findings of fact and conclusions of law, found that relator admitted to having sex with the complainant on the night in question and concluded that identity was not an issue due to relator's confession to having had a sexual encounter with the complainant on the night in question. The trial court denied relator's application on January 26, 2016.

4