**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 29, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00710-CR

---

## IN RE ROGER LEE HALL, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1661100**

---

## MEMORANDUM OPINION

On October 19, 2020, relator Roger Lee Hall filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Frank Aguilar, presiding judge of the 228th District Court of Harris County, to rule on unidentified motions that relator filed with the court.

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.— Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id*.; *Henry*, 525 S.W.3d at 382. To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.— Houston [14th Dist.] 2020, orig. proceeding).

Relator has not provided this court with any record, much less a record showing that he: (1) filed any motions, (2) brought any motions to the trial court

for a ruling, and (3) the trial court has not ruled on any motions within a reasonable time. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Christopher, Jewell, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).