**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 22, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00148-CR

_____

## IN RE DEANDRE DYNELL DEBOEST, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1737576**

---

## MEMORANDUM OPINION

On March 7, 2022, relator Deandre Dynell Deboest filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Chief Assistant Harris County District Attorney and the Honorable Lori Chambers Gray, presiding judge of the 262nd District Court of Harris County, to "set aside the indictment and dismiss this cause for failure to provide a constitutional speedy trial."

To the extent relator has named an assistant district attorney as a respondent, we lack jurisdiction. This court's mandamus jurisdiction is governed by section 22.221 of the Government Code. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. Id. § 22.221(a).

The Chief Assistant Harris County District Attorney is not among the parties specified section 22.221(b). See id. § 22.221(b). Moreover, relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce our appellate jurisdiction. *See id*. § 22.221(a). Therefore, we lack jurisdiction to issue a writ of mandamus against the Chief Assistant Harris County District Attorney. Accordingly, relator's petition as it relates to the Chief Assistant Harris County District Attorney should be dismissed for want of jurisdiction.

We do have jurisdiction over the trial court. Tex. Gov't Code Ann. § 22.221(b). To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before

2

it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id.* at 73–74; *Henry*, 525 S.W.3d at 382; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not provided this court with a mandamus record to demonstrate that he filed either a motion to set aside the indictment or a motion to dismiss for failure to for failure to provide a speedy trial was filed in the trial court. Similarly, there is no record that relator has brought a pending motion to the attention of the

3

respondent-judge for a ruling. Mere filing is insufficient because the clerk's knowledge is not imputed to the trial judge. *See Ramos*, 598 S.W.3d at 473. The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Relator has not made the requisite showing.

Moreover, as set forth in relator's petition for writ of mandamus, relator is represented by counsel. A defendant in a criminal law matter is not entitled to hybrid representation. *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018). In the absence of a right to hybrid representation, relator's pro se petition for writ of mandamus presents nothing for this court's review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991).

We dismiss relator's claims against the Chief Assistant Harris County District Attorney for want of jurisdiction. We deny relator's petition for writ of mandamus against the trial court.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).

4