**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 7, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00099-CR**
**NO. 14-23-00100-CR**

---

**IN RE LEONIDAS RUKUNDO, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1724037 & 1724038**

---

## MEMORANDUM OPINION

On February 13, 2023, relator Leonidas Rukundo filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Ramona Franklin, presiding judge of the 338th District Court of Harris County, to "to remove counsel and grant [relator his] constitutional right to proceed pro se with a new stand-by counsel . . . ."

Relator is represented by counsel. A defendant is not entitled to hybrid representation, and, as a consequence, a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018). Moreover, in the absence of a right to hybrid representation, relator's pro se petition for writ of mandamus presents nothing for this Court's review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991).

Additionally, to be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *Id.* at 73–74; *Henry*, 525 S.W.3d at 382; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide

either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not provided this Court with any documents filed in the underlying proceeding. There is no mandamus record to demonstrate that a motion to remove counsel and allow relator "to proceed pro se with a new stand-by counsel" is pending in the trial court. Similarly, there is no record that relator has brought a pending motion to the attention of the respondent-judge for a ruling. Mere filing is insufficient because the clerk's knowledge is not imputed to the trial judge. *See Ramos*, 598 S.W.3d at 473. The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Even if relator showed that his motion is properly pending in the trial court and the trial court was made aware of it, relator has not shown that it has been pending for an unreasonable period of time. *See Gomez*, 602 S.W.3d at 73.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).