**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 23, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00206-CR**

---

**IN RE WYLMON BOUDREAUX, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 738839**

---

## MEMORANDUM OPINION

On March 29, 2023, relator Wylmon Boudreaux filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Josh Hill,

presiding judge of the 232nd District Court of Harris County, to deliver the judgment in relator's conviction for capital murder to the Texas Department of Criminal Justice ("TDCJ").

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

The Texas Rules of Appellate Procedure require relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." *See* Tex. R. App. P. 52.7(a)(1). Relator claims that he has asked the trial court to have the judgment delivered to the TDCJ. However, relator has not filed a record with his petition. In the absence of a motion requesting the trial court to deliver his judgment to the TDCJ

2

or documents showing he asked the trial court to consider his motion, relator cannot show his entitlement to a writ of mandamus.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).