**Petition for Writ of Mandamus Dismissed, in part, and Denied, in part, and Memorandum Majority Opinion and Dissenting Opinion filed June 6, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00091-CR

## IN RE DARRELL WILLIAMS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1491754**

## DISSENTING OPINION

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relator 45-days' notice of involuntary dismissal for failure to comply with Texas Rule of Appellate Procedure 52.7(a) requiring (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying

proceeding and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.7(a); *see In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1) (necessary contents of petition); Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (authorizing unsworn declarations). I would also send relator a copy of the original proceedings checklist that is on the court's website: https://www.txcourts.gov/media/1455676/original-proceedings-checklist-for-website.pdf.

But it is not enough for the court to merely deny fundamental fairness and allow notice and an opportunity to cure. The court goes further and once again invokes the heads-I-win-tails-you-lose caselaw from this court that requires incarcerated individuals to go beyond offering evidence by means such as unsworn declarations, requiring them instead to provide to this court file-marked copies of documents from the trial court. *See, e.g.*, *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (corrected op., per curiam). I strongly disagree with that caselaw. *See, e.g., In re Pete*, 589 S.W.3d 320, 323–24 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (Spain, J., concurring); *see also MKM Eng'rs, Inc. v. Guzder*, No. 14-23-00160-CV, slip op. at 2 (Tex. App.—Houston [14th Dist.] May 18, 2023, order) (Spain, J., dissenting) ("This subjective rejection of statements made under penalty of perjury of some appellate parties is shameful. How do we know who the next Timothy Code or Michael Morton will be? . . . Beyond the issue of access to photocopiers, it is possible these individuals may be unable to provide such file-marked copies of documents from the trial court because none were sent to them by the trial-court clerk.").

Relator has not attempted to comply with Texas Rule of Appellate Procedure 52, so we do not reach the issue of the trial court's failure to rule. I note, however, that when a trial court's failure to rule comes before the court of criminal appeals, it appears to be the practice of that court to instruct its clerk to send a letter to the trial court requesting a ruling.[1] Unfortunately, the precedent of this court is to require a relator to provide file-marked copies of documents that may be unobtainable due to incarceration.[2]

I dissent from the court's failure to provide notice and an opportunity to cure. I also do not believe that relator's petition is requesting mandamus relief directed at the court reporter, so there is no reason for the majority to address that issue.


/s/     Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

Publish — Tex. R. App. P. 47.2(b).

---

[1] This practice suggests to me that the court of criminal appeals will eventually reject this court's *In re Henry* caselaw if we do not go en banc and take care of this error ourselves.

[2] This court has not been consistent with its handling of original proceedings in which the relators did not comply with Rule 52. *Compare In re Hawkins*, No. 14-22-00474-CR, 2022 WL 3973867, at *1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2022, no pet.) *with In re Hinton*, No. 14-22-00543-CR, 2022 WL 16571199, at *1 (Tex. App.—Houston [14th Dist.] Nov. 1, 2022, no pet.) *and In re Catt*, No. 14-22-00583-CV, 2022 WL 11551248, at *1 (Tex. App.—Houston [14th Dist.] Oct. 20, 2022, no pet.) (Spain, J., concurring). *Kholaif* is this court's controlling precedent, but even if the court ignores that, the potential appearance of subjective decision-making in the absence of an improper original-proceeding record is unfortunate.