**Petition for Writ of Mandamus Dismissed, in part, and Denied, in part, and Majority and Dissenting Memorandum Opinions filed June 6, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00091-CR**

---

**IN RE DARRELL WILLIAMS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1491754**

---

## MEMORANDUM OPINION

On February 9, 2023, relator Darrell Williams filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator names the Honorable Hazel B. Jones, presiding judge of the

174th District Court of Harris County, and her court reporter as the respondents. Relator asks this court to compel the respondents to provide him with "information concerning [his] transcript. . . ."

## Court Reporter

We do not have jurisdiction over the court reporter in this original proceeding. Section 22.221 of the Texas Government Code expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a "judge of a district or county court in the court of appeals district" and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The court reporter is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ against the court reporter is necessary to enforce this court's appellate jurisdiction. Therefore, we lack jurisdiction to issue a writ of mandamus against the court reporter.

## Trial Court Judge

To be entitled to mandamus relief against the respondent-judge, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a

2

ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *Id.* at 73–74; *Henry*, 525 S.W.3d at 382; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not provided this Court with any documents filed in the underlying proceeding. There is no mandamus record to demonstrate that a motion to obtain a transcript and/or information concerning a transcript is pending in the trial court. Similarly, there is no record that relator has brought a pending motion to the attention of the respondent-judge for a ruling. Mere filing is insufficient because the clerk's knowledge is not imputed to the trial judge. *See Ramos*, 598 S.W.3d at 473. The respondent-judge is not required to consider a motion that has

3

not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Even if relator showed that his motion is properly pending in the trial court and the trial court was made aware of it, relator has not shown that it has been pending for an unreasonable period of time. *See Gomez*, 602 S.W.3d at 73.

In sum, relator has not satisfied his obligation to provide this Court with a complete and adequate record sufficient to establish his entitlement to relief.

*Conclusion*

To the extent relator seeks mandamus relief against the court reporter, we dismiss relator's petition for writ of mandamus for lack of jurisdiction. We deny relator's petition for writ of mandamus as to respondent Judge Jones.


/s/    Tracy Christopher
       Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting).

Do Not Publish — Tex. R. App. P. 47.2(b).

4