**Petition for Writ of Mandamus Denied and Memorandum Majority Opinion and Dissenting Opinion filed September 7, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00634-CR

### IN RE DAVID JOEL JOHNSON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1802642**

## DISSENTING OPINION

A jury found relator guilty of burglary of a habitation with the intent to commit the felony of injury to a child. Tex. Penal Code Ann. § 30.02(a)(1). Relator pleaded true to two previous felony convictions. The trial court assessed punishment at imprisonment for 27 years and pronounced that sentence in open court. Relator filed a notice of appeal. On May 18, 2023, the trial court granted trial counsel's motion to withdraw and signed an order appointing counsel to

represent appellant on appeal but did not write in the name of that appointed counsel. I know this because these facts are in the clerk's record and reporter's record in relator's appeal in case number 14-23-00375-CR, of which I take judicial notice. I also take judicial notice of relator's motion to obtain free transcript records, which was filed in this court on August 24, 2023, stating in part:

> The Defendant was convicted and sentenced in the 263rd District Court of Harris County, Texas on May 18, 2023. After the Defendant was convicted and sentenced, his trial counsel, Ted R. Doebbler, gave notice of appeal and immediately withdrew from the Defendant's case without filing a motion for new trial. No other attorney has been appointed to the Defendant's case to handle his appeal.

> The Defendant received a letter from [the] Deputy Clerk of this Honorable Court dated Monday, July 17, 2023. In this letter, she is informing me that the appellant's brief [is due] in this Court 30 days from the date above. The Defendant currently has <u>no</u> transcript records, nor have [sic] the Defendant been appointed council to handle his appeal.

> . . . .

> In the instant case, the Defendant's case is currently on appeal. He is indigent and has no means of paying for his transcript records. He has not been appointed counsel to handle his appeal and meet the deadline in filing an appellant's brief. For these reasons, the Defendant should obtain free transcript records.

Finally, I take judicial notice of this court's electronic docket, which does not reflect that any appellate counsel for appellant has appeared.

Relator's petition for a writ of mandamus alleges that he has filed motions, sent letters, and called the trial court requesting appointment of appellate counsel for the prosecution of his appeal in case number 14-23-00375-CR. He includes an unsworn declaration: "I, David Joel Johnson, do hereby swear under penalty of perjury that the foregoing [is] true and correct."

2

This presents an unusual situation in which (a) relator has sworn under penalty of perjury both that he has no appellate counsel and has requested the trial court to appoint counsel and (b) this court's records reflect that no appellate counsel has appeared. We could ask for a response based on this petition and record.

Instead, the majority falls back on the shameful "extra rules" that place an impossible burden on incarcerated persons, that they must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court.[1] The majority knows or should know that no appellate counsel has appeared and that the appellant's brief is due on September 7, 2023.

I would request a response from both the respondent trial judge and the real party in interest, the State. Counsel for the State has an ethical duty to do justice;

---

[1] As I wrote in *In re Williams*:

But it is not enough for the court to merely deny fundamental fairness and allow notice and an opportunity to cure. The court goes further and once again invokes the heads-I-win-tails-you-lose caselaw from this court that requires incarcerated individuals to go beyond offering evidence by means such as unsworn declarations, requiring them instead to provide to this court file-marked copies of documents from the trial court. *See, e.g., In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (corrected op., per curiam). I strongly disagree with that caselaw. *See, e.g., In re Pete*, 589 S.W.3d 320, 323–24 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (Spain, J., concurring); *see also MKM Eng'rs, Inc. v. Guzder*, No. 14-23-00160-CV, slip op. at 2 (Tex. App.—Houston [14th Dist.] May 18, 2023, order) (Spain, J., dissenting) ("This subjective rejection of statements made under penalty of perjury of some appellate parties is shameful. How do we know who the next Timothy Code or Michael Morton will be? . . . Beyond the issue of access to photocopiers, it is possible these individuals may be unable to provide such file-marked copies of documents from the trial court because none were sent to them by the trial-court clerk.").

No. 14-23-00091-CR, 2023 WL 3828805 (Tex. App.—Houston [14th Dist.] June 6, 2023, orig. proceeding) (Spain, J., dissenting).

perhaps the prosecutor will do what the majority will not—assist relator in getting the counsel appointed to which he is constitutionally entitled so that the companion appeal isn't stuck in limbo. I would not do nothing, allowing the appeal to go nowhere.

I strongly dissent.


/s/      Charles A. Spain
         Justice


Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., dissenting).

Publish — Tex. R. App. P. 47.2(b).