In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00073-CR
IN RE CHARLES M. FARMER

Original Proceeding
County Court at Law No. 2 of Orange County, Texas
Trial Cause No. C112174

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Charles M. Farmer argues that in Trial Cause Number C112174, a case in which he is charged with a misdemeanor, he has been denied a speedy trial. Farmer is an inmate who is currently serving a ninety-nine-year sentence on a conviction for a felony. In the petition for writ of mandamus, Farmer complains that because of the detainer filed against him by the Orange County Sheriff's Department in February 2021 in Trial Cause Number C112174, the Texas Department of Criminal Justice has denied him certain privileges and opportunities that are available to other inmates who are not subject to detainers,

1

which would have been available to him had the detainer not been filed. Farmer asks that this Court remove the detainer and dismiss the misdemeanor case, Trial Cause Number C112174.

To establish that the relator who petitions for mandamus is entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and that (2) he seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Generally, a trial court has a ministerial duty to consider and to rule on motions that are properly filed and pending before the court. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). If a trial court refuses to rule on a properly filed and pending motion, mandamus relief may be appropriate if the relator establishes that the trial court (1) had a legal duty to rule on a properly filed motion, (2) was asked to rule on the motion, and (3) has failed or refused to rule on the motion within a reasonable time. *Id*.

Farmer claims he requested a speedy trial on January 23, 2024, that he requested a bench trial on four dates in 2023 and 2024, and that on August 14, 2023, a Zoom teleconference addressed "11.09," presumably an application for a writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. art. 11.09. Yet Farmer neither claims to have moved to dismiss based on the denial of his right to a speedy

trial, nor does he claim that the trial court has refused to rule on a properly filed motion to dismiss.

We will assume for the sake of argument that Farmer has asked this Court to exercise its mandamus jurisdiction, to compel the trial court to dismiss the case, and to order the Sheriff's Office to lift the detainer. But without a record that Farmer presented a motion to dismiss to the trial court, Farmer has not established he is entitled to the relief he is seeking in his petition for mandamus. Accordingly, the petition for mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on March 26, 2024
Opinion Delivered March 27, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.

3