**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 2, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00288-CR**

---

**IN RE WALTER BERLET MITCHELL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1555555**

---

## MEMORANDUM OPINION

On April 18, 2024, relator Walter Berlet Mitchell filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable

DaSean Jones, presiding judge of the 180th District Court of Harris County, to rule on relator's motion for speedy trial.

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id*. at 73-74. Relator has attached to his petition for writ of mandamus relator's motion for speedy trial that is file-stamped November 11, 2022. Relator, however, has not provided this Court with a mandamus record to demonstrate that relator has brought the pending motion to the attention of the respondent-judge for a ruling. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is

not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Relator has not made the requisite showing.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).