**Petition for Writ of Mandamus Dismissed and Memorandum Majority and Dissenting Opinions filed August 15, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-24-00458-CR

_____

## IN RE JONATHAN KNOX, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 879527**

---

## MEMORANDUM MAJORITY OPINION

On June 24, 2024, relator Jonathan Knox filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Ana Martinez, presiding judge of the 179th District Court of Harris County, to rule on:

(1) a September 28, 2021 motion for post-conviction D.N.A. testing; and (2) a May 18, 2024 motion for a show cause order.[1]

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id*. at 73-74. Relator has not provided this Court with a mandamus record to

---

[1] In his petition, relator also includes the following prayer for relief:

. . . the petitioner moves this Honorable Court to issue a writ of mandamus directing the Unites States District Court in the Southern District of Texas, to issue its ruling either granting or denying the petitioner's motion for relief under 28 U.S.C. § 255. The District Courts [sic] ruling is overdue pursuant to its "order regarding summary disposition" and Federal rules of civil procedure, rule 58(c)(2).

This court's mandamus jurisdiction is limited to writs of mandamus against certain judges within its district and all writs necessary to enforce the court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. We have no jurisdiction to issue a writ of mandamus against a federal district judge.

demonstrate that the motions relator seeks a ruling on have been filed. Further, relator has not demonstrated that he brought the alleged pending motions to the attention of the respondent-judge for a ruling. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Relator has not made the requisite showing.

Because relator has not provided this court with a sufficient record, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Spain, Poissant, and Wilson (Spain, J., dissenting)
Do Not Publish — Tex. R. App. P. 47.2(b).

3