In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00349-CR
_____

IN RE CHANNIN K. ARDOIN

_____

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause Nos. 22-40911, 23DCCR0030, 23DCCR1195, and 23DCCR2207**

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Channin K. Ardoin complains that he has not received discovery in his pending criminal cases.[1] According to Relator, in a July 15, 2024 hearing on waiver of counsel, the trial court ordered the

---

[1] Ardoin's mandamus petition is deficient in several respects. Ardoin does not claim and has not shown that he ever asked the respondent to enforce his alleged oral discovery order of July 15, 2024. He has neither identified the State of Texas as the Real Party in Interest nor has he shown that he served a copy of his mandamus petition on the counsel representing the State in the criminal cases and on the Respondent. *See* Tex. R. App. P. 9.5.

1

State to provide discovery directly to Ardoin. Relator complains that he has not received the discovery for his cases.

In a mandamus, to establish that the relator is entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and that (2) he seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Generally, a trial court has a ministerial duty to consider and to rule on motions that are properly filed and pending before the court. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). If a trial court refuses to rule on a properly filed and pending motion, mandamus relief may be appropriate if the relator establishes that the trial court (1) had a legal duty to rule on a properly filed motion, (2) was asked to rule on the motion, and (3) has failed or refused to rule on the motion within a reasonable time. *Id.*

According to Relator, the trial court directed the State to give Relator access to discovery. We conclude that Relator has failed to show that the trial court failed to perform a ministerial act or refused to rule on a pending motion. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on October 29, 2024
Opinion Delivered October 30, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.