**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 22, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00150-CR

## IN RE DEANDRE DYNELL DEBOEST, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1737576**

## MEMORANDUM OPINION

On March 7, 2022, relator Deandre Dynell Deboest filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Lori Chambers Gray, presiding judge of the 262nd District Court of Harris County, to "to dismiss this case, because the police officer tampered with a government record by falsifying an offense report related to my arrest, and the District Attorney

helped charge report to conceal his conduct and rush it to the grand jury, because it was almost the 180th day, and they wanted to avoid him being fired and them sued for false arrest . . . ."[1]

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id.* at 73–74; *Henry*, 525 S.W.3d at 382; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide

---

[1] This original proceeding is duplicative of relator's petition for writ of mandamus filed the same day, March 7, 2022, and assigned 14-22-00149-CR.

either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not provided this court with a mandamus record to demonstrate that he filed either a motion to set aside the indictment or a motion to dismiss for failure to for failure to provide a speedy trial was filed in the trial court. Similarly, there is no record that relator has brought a pending motion to the attention of the respondent-judge for a ruling. Mere filing is insufficient because the clerk's knowledge is not imputed to the trial judge. *See Ramos*, 598 S.W.3d at 473. The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Relator has not made the requisite showing.

Moreover, as set forth in relator's petition for writ of mandamus, relator is represented by counsel. A defendant in a criminal law matter is not entitled to hybrid representation. *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018). In the absence of a right to hybrid representation, relator's pro se petition for writ of mandamus presents nothing for this court's review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).