

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00068-CR

IN RE STEVEN MACK MCGEE

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Relator, Steven Mack McGee, an inmate proceeding pro se, has filed a petition for a writ of mandamus asking this Court to direct the Honorable Brad Morin, presiding judge of the 71st Judicial District Court of Harrison County, Texas, to issue a judgment nunc pro tunc correcting his judgment of conviction to reflect concurrent, rather than consecutive, sentences. Because McGee failed to provide us with a sufficient record to establish his right to mandamus relief, we deny the mandamus petition.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* Tex. R. App. P. 52.3, 52.7(a).

Rule 52.3 requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j). The petition in this case does not contain this required certification. In addition, the appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," Tex. R. App. P. 52.3(k)(1)(A), and that

2

the record contain "a certified or sworn copy of every document that is material to the relator's claim and that was filed in any underlying proceeding," TEX. R. APP. P. 52.7(a)(1). Although Relator's appendix contains copies of orders and other documents, they are not certified or sworn.[1]

McGee also states that he filed a motion for a judgment nunc pro tunc with the district court requesting that the complained-of judgment be corrected. Even so, the appendix in this case does not contain a sworn or certified copy of the motion, or any document showing that it has been presented to the trial court for a ruling. As a result, the record provided fails to show that his motion was filed with the district clerk, that it was presented to the trial court for a ruling, or that the motion has been pending for a sufficient time since such presentment. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam).

"Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.)). On this record, we cannot say that Relator has established a right to the relief he has requested. *See Blakeney*, 254 S.W.3d at 662.

---

[1]The last document in Relator's appendix is a copy of a clerk's certification dated September 3, 2019. Since the appendix contains both documents that contain a file stamp and documents that do not, it is not clear to which documents, if any, the certification applies.

For that reason, we deny the petition for a writ of mandamus.

                                        Scott E. Stevens
                                        Justice

Date Submitted:      May 17, 2022
Date Decided:        May 18, 2022

Do Not Publish