**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 13, 2022.**



**In The**

# Fourteenth Court of Appeals

NO. 14-22-00887-CR

NO. 14-22-00888-CR

NO. 14-22-00889-CR

NO. 14-22-00890-CR

NO. 14-22-00891-CR

NO. 14-22-00892-CR

**IN RE LA BRADFORD BONNEN, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1649573, 1733716, 1743522, 1743579, 1760393 &**
**1760394**

# MEMORANDUM OPINION

On December 2, 2022, relator La Bradford Bonnen filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Danilo Lacayo, presiding judge of the 182nd District Court of Harris County, to remove relator's court-appointed attorney.

To be entitled to mandamus relief, a relator must show (1) that he has no other adequate legal remedy; and (2) the act sought to be compelled is purely ministerial. *In re Yeager*, 601 S.W.3d 356, 358 (Tex. Crim. App. 2020) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

However, we cannot tell the trial court how to rule on relator's motion to remove relator's court-appointed attorney. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Here, relator has asked this court to compel the trial court to grant relator's request to remove relator's court-appointed attorney. We cannot grant the requested relief in this mandamus proceeding.

Moreover, relator has not shown that he does not have an adequate remedy at law. The denial of the right to self-representation is reviewed on appeal. *See, e.g.*, *Latham v. State*, 514 S.W.3d 796, 801–16 (Tex. App.—Fort Worth 2017, pet. ref'd) (addressing defendant's claim on appeal that he was denied his constitutional right to self-representation and holding that trial court abused its discretion). *Alford v.*

2

*State*, 367 S.W.3d 855, 862–65 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same). Relator can raise his complaint of the denial, if necessary, on appeal if he is convicted.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).