**Motions Dismissed, Petition for Writ of Mandamus Denied, and Memorandum Opinion filed February 9, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00843-CV

---

### IN RE Z. Q., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0000-86707**

---

## MEMORANDUM OPINION

On November 14, 2022, relator Z. Q. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Leah Shapiro, presiding judge of the 315th District Court of Harris County, to "make a ruling on the merits of relator's habeas application."

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id.* at 73–74; *Henry*, 525 S.W.3d at 382; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the

trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

In his petition for writ of mandamus, relator asserts that "Respondent has a duty to consider and rule upon the merits of relator's habeas application." Relator attached as an exhibit to his petition an April 6, 2021 order signed by the respondent that denied relator's habeas application "without issuing the writ or hearing on the merits." Additionally, relator attached as an exhibit to his petition a November 3, 2022, memorandum opinion from this Court dismissing relator's appeal of respondent's denial of his habeas corpus application for lack of jurisdiction.

Relator, however, has not provided this Court with a mandamus record to demonstrate that a motion requesting a ruling on the merits of relator's habeas application is pending in the trial court. Similarly, there is no record that relator has brought a pending motion to the attention of the respondent-judge for a ruling. Mere filing is insufficient because the clerk's knowledge is not imputed to the trial judge. *See Ramos*, 598 S.W.3d at 473. The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Even if relator showed that his motion is properly pending in the trial court and the trial court was made aware of it, relator has not shown that it has been pending for an unreasonable period of time. In sum, relator has not made the requisite showing. *See Gomez*, 602 S.W.3d at 73.

Relator has not established his entitlement to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. We dismiss as moot relator's motion to take judicial notice and relator's motion to suspend the rules.

PER CURIAM

Panel consists of Justices Wise, Poissant, and Wilson.