**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 23, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00857-CR**
**NO. 14-22-00858-CR**
**NO. 14-22-00859-CR**
**NO. 14-22-00916-CR**

---

**IN RE LAMARCUS DARNELL MORRIS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1120821, 1688785, 1688786, & 1603842**

---

## MEMORANDUM OPINION

Relator LaMarcus Darnell Morris filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Josh Hill, presiding

judge of the 232nd District Court of Harris County, to set aside the indictment for failure to comply with the Texas Speedy Trial Act.

To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). For relator to be entitled to mandamus relief, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *Id.* at 73–74; *Henry*, 525 S.W.3d at 382; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with the mandamus petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court. *Gomez*, 602 S.W.3d at 74. Merely filing a motion with a court clerk does not show that the motion was brought to the trial

court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not provided this court with a mandamus record to demonstrate that a motion to set-aside indictment is pending in the trial court. Similarly, there is no record that relator has brought a pending motion to the attention of the respondent-judge for a ruling. Mere filing is insufficient because the clerk's knowledge is not imputed to the trial judge. *See Ramos*, 598 S.W.3d at 473. The respondent-judge is not required to consider a motion that has not been called to the trial court's attention by proper means. *See Henry*, 525 S.W.3d at 382. Even if relator showed that his motion is properly pending in the trial court and the trial court was made aware of it, relator has not shown that it has been pending for an unreasonable period of time. In sum, relator has not made the requisite showing. *See Gomez*, 602 S.W.3d at 73.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).