**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 21, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00178-CR**

---

**IN RE CHAD STEVEN JOHNSON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1649527**

---

## MEMORANDUM OPINION

On March 8, 2024, relator Chad Steven Johnson filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kelli

Johnson, presiding judge of the 178th District Court of Harris County, to rule on two motions for nunc pro tunc.

To be entitled to mandamus relief, a relator must show that (1) he has no adequate remedy at law for obtaining the relief that he seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. Id.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In a criminal mandamus proceeding, a relator must provide the appellate court with either a file stamped copy of the motion or other proof that the motion is, in fact, filed and pending in the trial court. *In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Flanigan*, 578 S.W.3d 634, 626 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *Henry*, 525 S.W.3d at 382.

Relator attached to his appendix a "motion for nunc pro tunc order for proper rendition of judgment and pronouncement of sentence" that is file-stamped

May 24, 2021. Additionally, relator attached to his appendix a "motion for nunc pro tunc order for jail time credit," which is file-stamped June 9, 2021.

Relator, however, has not shown that the subject motions were brought to the trial court's attention. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *Ramos*, 598 S.W.3d at 473.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).