**Petition for Writ of Mandamus Dismissed and Memorandum Majority Opinion and Dissenting Opinion filed August 15, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00458-CR

---

### IN RE JONATHAN KNOX, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 879527**

---

## DISSENTING OPINION

Here we go again, treating incarcerated individuals who seek mandamus relief with less respect than the court of criminal appeals. *See In re Williams*, 672 S.W.3d 683, 683–84 & n.1 (Tex. App.—Houston [14th Dist.] 2023 (orig. proceeding) (Spain, J., dissenting).

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relator 45-days' notice

of involuntary dismissal for failure to comply with Texas Rules of Appellate Procedure 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.") and 52.7(a) requiring (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.3(j); Tex. R. App. P. 52.7(a); *see In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1) (necessary contents of petition); Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (authorizing unsworn declarations). I would also send relator a copy of the original proceedings checklist that is on the court's website: https://www.txcourts.gov/media/1455676/original-proceedings-checklist-for-website.pdf.

But it is not enough for the court to merely deny due-process and due-course-of-law protections, i.e., fundamental fairness that provides notice and an opportunity to cure. The court goes further and once again embraces the heads-I-win-tails-you-lose caselaw from this court that requires incarcerated individuals to go beyond offering evidence by means such as unsworn declarations, requiring them instead to provide to this court file-marked copies of documents from the trial court. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (corrected op., per curiam). I strongly disagree with that caselaw. *See, e.g.*, *In re Pete*, 589 S.W.3d 320, 323–24 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (Spain, J.,

concurring); *see also MKM Eng'rs, Inc. v. Guzder*, No. 14-23-00160-CV, slip op. at 2 (Tex. App.—Houston [14th Dist.] May 18, 2023, order) (Spain, J., dissenting) ("This subjective rejection of statements made under penalty of perjury of some appellate parties is shameful. How do we know who the next Timothy Code or Michael Morton will be? . . . Beyond the issue of access to photocopiers, it is possible these individuals may be unable to provide such file-marked copies of documents from the trial court because none were sent to them by the trial-court clerk.").

Relator has not sufficiently complied with Texas Rule of Appellate Procedure 52, so we do not reach the issue of the trial court's failure to rule. I note, however, that when a trial court's failure to rule comes before the court of criminal appeals, it appears to be the practice of that court to instruct its clerk to send a letter to the trial court requesting a ruling. *See Williams*, 672 at 683–84 & n.1. Unfortunately, the precedent of this court is to require a relator to provide file-marked copies of documents that may be unobtainable due to incarceration.

I dissent from the court's failure to provide notice and an opportunity to cure.


/s      Charles A. Spain
        Justice


Panel consists of Justices Spain, Poissant, and Wilson (Spain, J., dissenting).

Publish — Tex. R. App. P. 47.2(b).