In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00328-CR
_____

IN RE GWANDOYA A. BUSH

_____

Original Proceeding
9th District Court of Montgomery County, Texas
Trial Cause No. 22-08-10015
_____

MEMORANDUM OPINION

On September 4, 2025, Gwandoya A. Bush filed a pro se petition for a writ of mandamus. *See* Tex. Gov't Code Ann. § 22.221. Bush states that he is on community supervision in Trial Cause Number 22-08-10015 and that he filed an application for a writ of habeas corpus that the trial court has not yet ruled on. Bush further states that in September 2025 he filed a Motion to Suspend All Conditions of Community Supervision pending the writ.

As mandamus relief, Bush asks this Court to compel the trial court to grant Bush's motion for interim relief in the article 11.072 habeas corpus proceeding. As

temporary relief in this Court, Bush asks this Court to suspend all conditions of community supervision in Trial Cause Number 22-08-10015 pending our resolution of the mandamus petition. *See* Tex. R. App. P. 52.10.

To obtain mandamus relief in a criminal case, the relator must show that 1) he has no adequate remedy at law, and 2) what he seeks to compel is ministerial, involving no discretion. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). Generally, consideration of a motion properly filed and before the trial court is ministerial, but deciding *how* to rule after considering a motion is not a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). Bush cites no authority supporting his argument that he is entitled to immediate suspension of the community supervision order upon filing the habeas corpus petition under article 11.072.

To prevail in a mandamus proceeding that seeks to compel a trial court to rule on a motion, a relator must show that the trial court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable time. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). As the party seeking mandamus relief, Bush has the burden of providing a certified or sworn copy of every document that is material to his claim. *See* Tex. R. App. P. 52.7(a). Documents that are material to his claim include, at a minimum: (1) his application for a writ of habeas corpus under

2

article 11.072; (2) the Motion to Suspend All Conditions of Community Supervision; (3) the Order of Community Supervision and any orders amending or modifying conditions of supervision; (4) any response by the State to the article 11.072 application; (5) response by the State to the Motion to Suspend All Conditions of Community Supervision; (6) any Designation of Issues signed by the trial court; (7) the docket sheet; and (8) any communication requesting a ruling on the motion. Bush's mandamus petition refers to an appendix but he failed to file an appendix with his mandamus petition.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus and the motion for temporary relief. *See id*. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on September 16, 2025
Opinion Delivered September 17, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.